UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MICHAEL SIMS,                      )
                                   )
    Plaintiff,                     )
                                   )
vs.                                )   No. 2:14-cv-2529-JDT-tmp
                                   )
MCGEE, et al.,                     )
                                   )
    Defendants.                    )

ORDER DISMISSING CLAIMS AGAINST DEFENDANTS MCGEE,
KORNEGAY, MOORE, JONES, MATTHEWS, PARTEE,
STEWART, TUGGLE, MENTAL HEALTH KING, WILLIAMS, MENTAL HEALTH
MICKENS, SCOTT, BUFFORD, AND OLDHAM,
DENYING MOTION FOR APPOINTMENT OF COUNSEL,
AND DIRECTING THAT PROCESS BE ISSUED AND SERVED ON
DEFENDANTS LEWIS AND BURLESON

On July 9, 2014, Plaintiff Michael Sims ("Sims"), who is confined in the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* on July 14, 2014, assessing the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the defendants as Chief First Name Unknown ("FNU") McGee, Lieutenant ("Lt.") FNU Kornegay, Chief FNU Moore, Sergeant ("Sgt.") Jones, Detective J. Matthews, Officer Brian Lewis, Officer FNU Partee, Officer B. Stewart, D.R.T. T. Tuggle, Mental Health FNU King, Officer FNU Burleson, Sgt. M. Williams, Mental Health FNU Mickens, Officer FNU Scott, D.R.T. FNU Bufford, and Sheriff William Oldham.

I. THE COMPLAINT

In his complaint Sims alleges that on October 30, 2013, he was physically assaulted by Defendants Lewis, Burleson, and other unnamed officers. (Ex. A, ECF No 1-1.) Sims states that he was punched in the face, kicked, stomped in the face, then had his head slammed three times, after which, he passed out – awaking in the medical hospital. (*Id.*)

Sims's complaint also contains allegations of verbal abuse. Sims alleges that Defendants Stewart, Lewis, Burleson, Partee, Williams, Bufford and Scott threatened to kill him and poison his food. (*Id.*) Sims states that he then found glass in his food resulting in his undertaking of a hunger strike for a month. (*Id.*) Sims contends that the same aforementioned Defendants also falsified infraction reports. (*Id.*) Sims alleges that Defendant Partee spit in his food, which is why he is currently under a hunger strike, Defendant Williams threw away his mail, and both Defendants Partee and Williams threatened Sims in order to coax him into assaulting an officer which would allow them to keep Sims locked up in the hole. (*Id.*) The complaint further states that on May 8, 2014, Defendant Williams threatened him with a pocket knife.

Sims further alleges that he notified the following Defendants of the treatment he was receiving: Tuttle, McGee, Kornegay, Mathews, Mickens, and Jones. (*Id.*) Sims contends these Defendants did not remediate the situation. (*Id.*)

Sims seeks punitive damages in the amount of $1.8 million and the appointment of counsel.

II   ANALYSIS

A.   Screening and Standard

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

   (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge

> does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.  §  1983 Claim

Sims filed his complaint, attached with exhibits A-F, on the court-supplied form for actions under 42 U.S.C. § 1983 which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

  1.  *Twombly Standard*

The complaint contains no factual allegations against Defendants Chief Moore, Mental Health King, and Sheriff Oldham. Further, the complaint contains no allegations of deprivation of rights against Defendants Tuttle and Mental Health Mickens whose only actions, allegedly, were informing supervisors of Sims's complaints against other defendants. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

  2.  *Claims against Defendants McGee, Kornegay, Matthews, and Jones as Supervisors*

It is clear that Sims sues Defendants Chief McGee, Lt. Kornegay, Sgt. Matthews, and Sgt. Jones because of their supervisory capacities for accusations that they were notified of

5

Sims's complaints, but they allegedly took no steps to rectify the matter. (Ex. A, ECF No 1-1.) Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official, who is aware of the unconstitutional conduct of his or her subordinates, but fails to act, generally cannot be held liable in his or her individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). The complaint does not allege that Defendants Chief McGee, Lt. Kornegay, Sgt. Matthews, and Sgt. Jones, through their own actions, violated Sims's rights.

> 3. *Claims of Verbal Abuse against Defendants Stewart, Lewis, Burleson, Partee, Williams, Bufford and Scott*

Sims has no claim against Defendants Stewart, Lewis, Burleson, Partee, Williams, Bufford and Scott for verbal abuse. Allegations of verbal harassment and threats are insufficient to state a civil rights claim under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (holding verbal abuse does not qualify as punishment under the Eighth Amendment). Just as the Constitution "does not mandate comfortable prisons," *Wilson v. Seiter*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349), it does not mandate polite prison guards.

The law is clear that verbal harassment and threats do not violate the Eighth Amendment. *Pasley v. Conerly*, 345 F. App'x 981, 984 ( 6th Cir. 2009); *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (no Eighth Amendment claim for prison guard's "use of racial slurs and other derogatory language"); *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (a guard's verbal threat to sexually assault an inmate "was not punishment that violated [the prisoner's] constitutional rights"); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) ("harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); *Johnson v. Moore*, 7 F. App'x 382, 384 (6th Cir. 2001) ("Allegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.") (citation omitted); *Owens v. Johnson*, No. 99-2094, 2000 WL 876766, at *2 (6th Cir. June 23, 2000) ("The occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude. The petty exchanges of insults between a prisoner and guard do not amount to constitutional torts.") (citation omitted); *Miles v. Tchrozynski*, No. 2:09-CV-11192, 2009 WL 960510, at *1 (E.D. Mich. Apr. 7, 2009) ("Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights.") (citation omitted).

Claims against Defendants for verbal abuse by threatening to assault Sims, poison his food, or throw away his mail do not create violations of Sims's Eighth Amendment rights. Sims is clearly getting all mail sent by this court, as he is proceeding *in forma pauperis* and has filed additional motions. Additionally, while Sims states that he feared his food was poisoned and spit into causing him to go on a hunger strike for a month (Ex. A, ECF 1-1.), in his attached exhibit,

it states that he did not eat for 3 days, but by the fourth day, he ate and continues to eat every meal meal. (Ex. C, ECF No. 1-3.) These contradictions substantiate that Sims is not facing actual harm due to the alleged verbal abuse by defendants.

    4.    *Eighth Amendment: Cruel and Unusual Punishment*

The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). The Supreme Court has applied this standard to uses of force by prison officials, explaining that "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id.* at 320-21 (citation omitted); *see also Hudson v. McMillian*, 503 U.S. at 6-7. In *Hudson*, 503 U.S. at 7-9, the Supreme Court held that a significant physical injury is not required to establish the objective component of an Eighth Amendment claim. However, the Supreme Court made clear that trivial physical contact does not violate the Eighth Amendment:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d [1028,] 1033 [(2d Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chamber, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind." *Whitley*, 475 U.S., at 327 . . . (quoting *Estelle*, supra, 429 U.S., at 106 . . . (internal quotation marks omitted).

*Id.* at 9-10. For purposes of screening, Sims has alleged a plausible claim for violation of the Eighth Amendment against Defendants Lewis and Burleson.

C.    <u>Motion to Appoint Counsel</u>

On November 6, 2014, Sims filed a motion for appointment of counsel. (ECF No. 7.) Pursuant to 28 U.S.C. § 1915(d), the "court may request an attorney to represent any such person unable to employ counsel." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993), and "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants, *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). Generally, a court will only appoint counsel in exceptional circumstances. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present the claims. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989). Because Sims has yet to meet the threshold for appointment of counsel, the motion is DENIED.

III. CONCLUSION

The Court DISMISSES Sims's complaint against Defendants Chief McGee, Lt. Kornegay, Chief Moore, Sgt. Jones, Detective J. Matthews, Officer Partee, Officer B. Stewart, D.R.T. T. Tuggle, Mental Health King, Sgt. M. Williams, Mental Health Mickens, Officer Scott, D.R.T. FNU Bufford, and Sherriff William Oldham for failure to state a claim on which relief

can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Sims's claims for verbal abuse are subject to dismissal. Process will be issued for Defendants Lewis and Burleson on Sims's Eighth Amendment claim for the use of excessive force.

It is ORDERED that the Clerk shall issue process for Defendants Lewis and Burleson and deliver that process to the U.S. Marshal for service. Service shall be made on Defendants Lewis and Burleson pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Sims shall serve a copy of every subsequent document he files in this cause on the attorneys for Defendants Lewis and Burleson or on any unrepresented Defendant. Sims shall make a certificate of service on every document filed. Sims shall familiarize himself with Federal Rules of Civil Procedure and this Court's Local Rules.[1]

Sims shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

    s/James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] A copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.courts.gov/pdf/content/LocalRules.pdf.